FILED
July 31, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WILLIE DAVID FLOYD, <br> TDCJ No. 02069902, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § CIVIL NO. SA-22-CA-01143-OLG |

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner Willie David Floyd's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and memorandum in support (ECF No. 3), as well as Respondent Bobby Lumpkin's Answer (ECF No. 8) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

In April 2016, a Bexar County jury convicted Petitioner of four counts of aggravated sexual assault of a child, his seven-year-old daughter. (ECF No. 9-2 at 51-54). After a separate punishment hearing, the trial court sentenced Petitioner to life imprisonment on each count, with the sentences to run consecutively. *State v. Floyd*, No. 2014CR10665 (227th Dist. Ct., Bexar Cnty., Tex. May 19, 2016); (ECF No. 9-2 at 80-87). The Texas Fourth Court of Appeals affirmed his convictions on direct appeal. *Floyd v. State*, No. 04-16-00320-CR, 2017 WL 2561571 (Tex. App.—San Antonio, June 14, 2017, no. pet.); (ECF No. 9-12).

Petitioner did not continue his direct appeal proceedings by filing a petition for discretionary review with the Texas Court of Criminal Appeals.[1] Instead, he filed a state habeas corpus application challenging the constitutionality of his state court convictions and sentences on June 14, 2018. *Ex parte Floyd*, No. 92,426-01 (Tex. Crim. App.); (ECF No. 10-1 at 1, 20). The Texas Court of Criminal Appeals ultimately denied the application without written order on December 8, 2021, based, in part, on the findings of the trial court. (ECF No. 9-16).

Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief on October 19, 2022. (ECF No. 1). In the petition and supplemental memorandum filed shortly thereafter (ECF No. 3), Petitioner raises the following two allegations: (1) he is actually innocent of the charged offenses, and (2) his trial counsel rendered ineffective assistance by failing to have an expert testify as to Petitioner's physical limitations, diseases, and other health-related issues which made it impossible for him to have committed the offenses. In his answer, Respondent waived his procedural defenses and argued instead that Petitioner's allegations are without merit.[2] (ECF No. 8).

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was

---

[1] See http://www.search.txcourts.gov, search for "Floyd, Willie" last visited July 28, 2023.

[2] In the opening paragraph of Respondent's brief, Respondent contends that Petitioner's federal petition "must be dismissed with prejudice because it is unexhausted and procedurally barred." (ECF No. 8 at 1). Respondent abandons this defense a few pages later, however, even though it appears that Petitioner failed to raise his actual-innocence claim in state court. *Id.* at 3. More perplexing is Respondent's assertion that Petitioner's claims are not barred by AEDPA's statute of limitations despite correctly noting that the limitations period for filing his federal petition expired in January 2022. *Id.* at 4-6. Nevertheless, because Respondent has abandoned these affirmative defenses, the Court will review Petitioner's allegations on the merits.

contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

3

### III. Merits Analysis

A.     **Actual Innocence (Claim 1)**

In his first allegation, Petitioner contends he is actually innocent of the charged offenses.³ According to Petitioner, the physical limitations he suffers from as a result of Marfan Syndrome—which include skeletal deformities, diminished spinal motion, lower back pain and reduced vision—made it physically impossible for him to have committed the offenses as alleged in the indictment. Petitioner also contends that his Hepatitis C somehow prevented him from performing the acts in question. Because Petitioner's innocence claim is not a cognizable federal habeas claim, however, the merits of these dubious allegations need not be reached.

"Freestanding" claims of actual innocence, such as the allegations now before the Court, do not provide a valid basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera*, 506 U.S. at 399. Although the *Herrera* court left open the question of whether, in a capital case, "a truly persuasive demonstration of 'actual innocence' made after trial would . . . warrant habeas relief if there were no state avenue open to process such a claim," 506 U.S. at 417, the Fifth Circuit has consistently rejected this theory.⁴ *See Cantu v. Thaler*, 632 F.3d 157, 167 (5th Cir. 2011); *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

---

³       Petitioner's argument appears to be an attempt to overcome AEDPA's one-year statute of limitations under the standard set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Because Respondent has not asserted a limitations defense, however, this Court will consider Petitioner's allegation as a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

⁴       In later revisiting the issue of actual innocence, the Supreme Court declined to resolve the question of whether freestanding actual-innocence claims are to be recognized in federal habeas proceedings. *House v. Bell*, 547 U.S. 518, 555 (2006).

Because the Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review, Petitioner's allegation must be rejected. Alternatively, even if an actual-innocence claim could be the basis for federal relief, it would only be cognizable if there were no state procedure available for making the claim. *Herrera*, 506 U.S. at 417; *Graves*, 351 F.3d at 151. Such is not the situation in Texas, where state procedures are available to raise claims in clemency proceedings or a state habeas petition. *See* Tex. Crim. Proc. Code art. 48.01 (West 2022); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998). Thus, Petitioner's freestanding claim of actual innocence must be denied.

**B.     Trial Counsel's Representation (Claim 2)**

Petitioner's next alleges that he was denied the right to effective assistance of counsel by his trial counsel's failure to call an expert to testify about the extent to which Petitioner's Marfan Syndrome and Hepatitis C affected his ability to commit the assaults in question. This allegation was raised during Petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals. As discussed below, Petitioner fails to demonstrate the state court's rejection was either contrary to, or an unreasonable application of, Supreme Court precedent.

1.     The *Strickland* Standard

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland*, 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105.

2. <u>Application of the *Strickland* Standard</u>

Petitioner contends counsel was ineffective for failing to investigate or call an expert witness to help the jury better understand Petitioner's physical impairments and how they may have affected his ability to commit the offenses as alleged in the indictment. Indeed, *Strickland* requires counsel to undertake a reasonable investigation. 466 U.S. at 690-91; *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013). Counsel must, at minimum, interview potential witnesses and make an independent investigation of the facts and circumstances of the case. *Kately v. Cain*, 704 F.3d 356, 361 (5th Cir. 2013). But in assessing the reasonableness of counsel's investigation, a heavy measure of deference is applied to counsel's judgments. *Strickland*, 466 U.S. at 691.

In particular, complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what the witness would have testified are largely speculative. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (citing *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)). Thus, to prevail on an IATC claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (providing petitioner must "bring forth" evidence, such as affidavits, from uncalled witnesses, including expert witnesses, in support of an IATC claim).

Here, Petitioner fails to name any potential expert witness who was available and willing to testify about Petitioner's Marfan Syndrome and Hepatitis C and whether they affected his ability to commit the instant offenses. Moreover, Petitioner offers nothing but conclusory

7

assertions regarding the favorability of having an expert testify on his behalf about these conditions. Such "conclusory statements regarding the content of the uncalled witnesses testimony are insufficient to demonstrate ineffective assistance." *Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010); *see also Del Toro v. Quarterman*, 498 F.3d 486, 490-91 (5th Cir. 2007) (finding counsel's choice to not hire an expert reasonable under the circumstances). As a result, Petitioner has not shown counsel's performance was deficient under *Strickland*.

Even if Petitioner could establish that counsel's performance in this case constituted deficient performance, he still fails to demonstrate that the alleged error was prejudicial to his defense. Again, to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[A] court assessing prejudice must consider the totality of the evidence before the judge or jury." *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 696) (internal quotation marks omitted).

Petitioner has not established that the alleged error was prejudicial because, as the record demonstrates, the State's case was strong and there was substantial corroborating evidence against Petitioner. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (noting the weight of the evidence of guilt in finding alleged deficient performance of counsel not prejudicial); *Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008). Moreover, while defense counsel did not call an expert to discuss Marfan Syndrome or Hepatitis C, he did make sure the jury was aware of Petitioner's impairments by discussing them during Petitioner's own testimony. (ECF No. 9-8 at 111-13). The jury, apprised of Petitioner's impairments, were able to observe Petitioner in court and decide whether he was physically able to sexually assault a child.

8

Petitioner has provided no relevant evidence establishing that the jury's decision would have been different had counsel called an expert witness.

In short, Petitioner is unable to establish that counsel's performance was either deficient or that he was prejudiced by counsel's alleged error, much less demonstrate that the state court's ruling on trial counsel's investigation and performance "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Consequently, viewing this allegation under the "doubly" deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief on his IATC claim. Federal habeas corpus relief is therefore denied.

## IV. <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set

forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner failed to establish that his first claim for relief provides a cognizable basis for federal habeas relief. Petitioner has also failed to establish that the state court's rejection of his second claim—the IATC claim—on the merits during his state habeas corpus proceeding was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during his state trial, appellate, and habeas corpus proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Willie David Floyd's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED** this the 31 day of July, 2023.

_____
**ORLANDO L. GARCIA**
**United States District Judge**